PAID
AUG 12 2022
EEE
CLERK, U.S. DISTRICT COURT
COURT 4612

FILED
CLERK, U.S. DISTRICT COURT
AUG 12 2022
CENTRAL DISTRICT OF CALIFORNIA
BY EEE DEPUTY

KENNETH SCOTT COUSENS, Private Estate Trust

By: Kenneth Scott, House of Cousens
Private Civilian, Californian, American National
Private Living Beneficiary
Standing *in allodium* in Exclusive Equity
On the land county Los Angeles
*de jure* California state of the Union
Holding Priority Agency for the Private Estate Trust
Equitable Interests as Real Party in Interest
*Special & Priority*
By Special Appearance, Not Appearing Generally

c/o KSC Utility Trust
305 N. 2nd Avenue. #198
Upland, California
DMM & ZIP Exempt, near [91786]
702-339-9718

2:22-CV-05730-ODW-Ex

**NOTICE TO STATE COURT OF REMOVAL OF CASE # 22WCUD01328**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Petition for Removal
Notice of Filing, Notice of Removal of Case No. 22WCUD01328
TOMITA VS. COUSENS et al
Page 1 of 8

| | |
|---|---|
| GLENN T. TOMITA<br><br>Plaintiff(s)<br><br>Vs.<br><br>KENNETH SCOTT COUSENS, et al<br><br>Defendant(s) | In a petition for<br><br>**NOTICE OF FILING and NOTICE OF REMOVAL OF SUPERIOR COURT OF STATE OF CALIFORNIA, COUNTY OF LOS ANGELES CASE NUMBER 22WCUD01328**<br><br>**28 USC 1443(1), 28 USC 1331, 28 USC 1441(a), 28 USC 1446(a) 28 USC 1367**<br><br>**VERIFIED** |

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT:**

**TO CLERK OF COURT, SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

1. **PLEASE TAKE NOTICE** that pursuant to 28 USC 1443(1), defendant KENNETH SCOTT COUSENS in the above captioned case hereby removes to this Court from the following identified state court action which now has matters pending as further described below.

**IN THE MATTER OF CASE NUMBER 22WCUD01328**

2. On or about July 13, 2022 a suit was commenced in the limited civil division of SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, West Covina Division, captioned GLENN T. TOMITA (Plaintiff, henceforth PLAINTIFF) vs. KENNETH SCOTT COUSENS et al, (Defendants, henceforth DEFENDANT) as Case Number 22WCUD01328. A copy of said Summons and Complaint is attached hereto as Exhibit A.

3. The Summons and Complaint for the State Case were served on DEFENDANT on July 15, 2022 and who thereafter entered a Motion to Quash into the case on July 21, 2022. Said motion was heard by Judge Kenneth Fuller in Department 2 on August 10, 2022 and the Judge's decision on the motion was entered into the case on August 11, 2022.
4. This removal is done timely, within the thirty (30) day limit as provided by Federal statute, being entered into the United States District Court on August 12, 2022.

**JURISDICTION**

1. This Court now has proper jurisdiction over this cause of action for removal, pursuant to, but not limited to, the following points and authorities: 28 USC 1331, 28 USC 1441(a), 28 USC 1446(a) and 28 USC 1367. DEFENDANT has previously been removed from the public general fund and placed into a Private Estate Trust in the private that cannot be utilized under public policy via non-authorized administration of the estate, and Kenneth Scott retains full authority and capacity to settle any and all matters in the public wherein KENNETH SCOTT COUSENS has been named as a party pursuant to his standing as the sole administrator and holder of the office of executor. All public attachments to KENNETH SCOTT COUSENS have been settled and closed by private administrative procedures and the trustees of the said Private Estate Trust are public officers holding high office.
2. All trustees for the KENNETH SCOTT COUSENS Private Estate Trust have not disclaimed trusteeship and have binding duties to settle all matters in the public, with such binding duties extended to all corporate sub-divisions of UNITED STATES, and all subordinate officers, agents, and representatives thereof. Whenever KENNETH SCOTT COUSENS is entered into a public instrumentality, through the issuance of commercial paper carrying charges or contingent claims, all officers of UNITED STATES, including judicial officers, have a mandatory duty to cooperate in the settlement of such charges and contingent claims. Kenneth Scott is the sole priority agent for the Private Estate Trust and is the sole and exclusive Holder of the Office of Executor for the former public franchise, now private trust, and all other parties must have written authorization to administrate the estate. The State court into which the

case has been filed does not have such written authorization to administrate the estate and should they proceed they would be acting as *Executors De Son Tort*. Thus, to avoid that eventuality, this case has been removed to the District Court to settle the matter.

3. Kenneth Scott enters this petition for removal by special appearance and not general appearance, for the sole purpose of settling this matter and asking the pertinent Constitutional question as stated hereinbelow.
4. Jurisdiction is proper for this removal as legal title of the KENNETH SCOTT COUSENS Private Estate Trust is held by public officers of the UNITED STATES as trustees. This is a matter protected under the privity of trust relations and therefore any further details pertaining thereto must be shown only in chambers and not revealed in the public.
5. Kenneth Scott preserves all rights and liberties and does not waive any rights, without prejudice.

## CONSTITUTIONAL QUESTIONS

1. Is the UNITED STATES obligated to fulfill its usufructuary obligations as trustee for the DEFENDANT pursuant to treaty relations (U.S. Constitution supremacy clause), specifically as required by Hague Convention Treaty 1907, Article 55 (duties of usufruct)?
2. Does Plaintiff in this matter have standing to sue (*Standi Judicio*) as a bankrupt and enemy of the State, pursuant to the Trading With the Enemy Act (October 6, 1917), as amended by the Emergency Banking Relief Act of March 9, 1933?

## PLAIN STATEMENT OF FACTS

1. The United States has been in a state of declared national emergency since March 9, 1933.
2. In the Emergency Banking Relief Act of that date, the Act known as Trading With the Enemy Act (henceforth "TWEA") was amended at section 5(b) to state that "enemies

of the State" included persons within the United States and subject to the jurisdiction thereof.

3. Plaintiff in this case is a PERSON and U.S. citizen, as those terms are defined in the United States Code and therefore is an enemy of the State, by definition of the TWEA as amended. In general, it is an operative fact that "...during war, contracts with, or powers of attorney or agency from, the enemy executed after outbreak of war are illegal and void," and "all rights of an enemy to sue in the courts are suspended," (Case of William Bagaley (5 Wall., 377, 1866).

4. In short, the seizing of any property of a considered enemy is a matter of enemy property being seized on land or sea, where the latter is considered "prize" and comes under the authority of Congress "to declare war, grant letters of marque and reprisal, and make rules concerning captures of land and water" (Constitution, Article 1, Section 8). This would make the TWEA a war measure and engage Congressional authority to grant letters of marque and reprisal. This has been effectively done by the TWEA as amended. In the instant case, Plaintiff, represented by attorney at bar counsel, a known agent of a foreign power (City of London, Four Inns of Court) is acting under a letter of marque and reprisal in this matter, attempting to board the vessel of a presumptive enemy combatant to capture prize. DEFENDANT does not have that status or profile, as detailed further below.

5. In TWEA Section 17 it is stated that "the district courts of the United States are hereby given jurisdiction to make and enter all such rules as to notice and otherwise; and all such orders and decrees; and to issue such process as may be necessary proper in the premises to enforce the provision of this Act." In short, that these courts, both State and Federal, are simply extensions of the powers of war and the capture of prize on the "high seas" of commerce, whereby the franchises that the people operate as PERSONS in the public, i.e., enemies of the State, are licensed to do commercial activity, and are in fact vessels in commerce subject to such rules and letters of marque and reprisal.

6. Contrary to the Plaintiff, DEFENDANT has been removed from the public and all militarily enforced management of public estates. DEFENDANT is not subject to military due process. DEFENDANT is not an estate of an infant. The "State Court" is in fact a municipal corporation managing property of the United States under

bankruptcy and military occupation since March 9, 1933 (see also Proclamations 2039 and 2040 promulgated by FDR on March 6th and March 9th respectively), in which a bank holiday was declared (2039) and then extended indefinitely (and continuing to the present day - 2040), under Constitution Article 4 provision for Congress to manage property of the United States.

7. DEFENDANT is no longer property of the United States or UNITED STATES. It is no longer an enemy of the State. Kenneth Scott is a living Man, a non-bankrupt, non-combatant, non-belligerent, and not subject to public military rules of due process. The United States and UNITED STATES are bound by treaty agreements in Hague Convention, Article 55, to provide Kenneth Scott full Safe Harbor, Safe Passage, and Hospitality, including the implementation of Duties of Usufruct, to wit: "The occupying State shall be regarded only as administrator and usufructuary of public buildings, real estate, forests, and agricultural estates belonging to the hostile State, and situated in the occupied country. It must safeguard the capital of these properties, and administer them in accordance with the rules of usufruct."

8. The fact is that all underlying estates of public personages (agricultural estates) are included in these definitions and when one is removed from the field of battle and converted to a private estate under trust, the public trustees are required under this treaty provision to administer said estates in accordance with the rules of usufruct. Such rules of usufruct include the requirement to pay all rents, duties, taxes, fees, repairs and maintenance of such estates. The KENNETH SCOTT COUSENS Private Estate Trust is just such a private estate, and is established, acknowledged, and accepted by the public trustees as an Estate in Reversion requiring the mandatory enforcement of such duties.

9. Article 56 of the treaty of 1907 states "The property of…institutions dedicated to religion, charity and education, the arts and sciences…shall be treated as private property." Article 46 of the same treaty states "Private property cannot be confiscated." The Private Estate Trust herein referenced is established and enduring under the Sanctuary, Protections, and Immunities of the Kingdom of David (see www.proclamationofpeace.org), a sovereign ecclesiastical society dedicated to religion, charity, and education, the arts and sciences, and hence all property under the purview

and authority of the KENNETH SCOTT COUSENS Private Estate Trust is sacrosanct and untouchable, cannot be seized as prize or booty, and is not under the authority of the impaired status as enemy, combatant, or belligerent, and is protected under the privity of trust relations and is a matter of sacred trust.

10. The private, substantive, inherent, and unalienable rights of Kenneth Scott, Living Beneficiary of the herein referenced Private Estate Trust, are his private property and cannot be confiscated by acts under emergency powers reserved solely for enemies of the State, of which he is not. Kenneth Scott is neutral in the public and at peace with the United States by direct verified documentation, established treaty relations, and other binding authorities.

11. As an international treaty, Hague Convention Treaty of 1907 (Annex to the Convention REGULATIONS RESPECTING THE LAWS AND CUSTOMS OF WAR ON LAND, inclusive of treaty of the same title 1899) to which the United States (in all its orthographic derivatives and alter ego extensions too numerous to list) is a signatory, and the United States is bound to such requirements as the supreme law of the land, and there is no evidence to the contrary to any of the above statements of fact.

12. The United States is in fact duty bound to protect the land, law, rights, and estate of the Man, Kenneth Scott, and pursuant to his authority as the administrator of the estate, Holder of Office of Executor, the United States and all of its instrumentalities must in fact provide the delivery of usufructuary duties as stated herein, including this court as a corporate sub-division and administrative extension thereof.

THEREFORE, for all the above reasons, and to provide relief and remedy in Law and Equity, Kenneth Scott, as Real Party in Interest, requires the fulfillment of such duties as described to confirm the removal of Case Number 22WCUD01328 to the United States District Court for the Central District of California Western Division.

Dated the Twelfth Day of August, Two Thousand Twenty-two

KENNETH SCOTT COUSENS
BY:

Kenneth Scott, House of Cousens

Priority Agent for
KENNETH SCOTT COUSENS
Private Estate Trust

## PETITIONER'S VERIFICATION OF THE FACTS

Kenneth Scott, House of Cousens, Real Party in Interest, a Living Man, priority agent for KENNETH SCOTT COUSENS Private Estate Trust (DEFENDANT herein), hereby states that he is authorized to bring this petition for removal for DEFENDANT in the above referenced state court case and as the petitioner in this removal verifies under penalty of perjury that I am competent to state as to the matters set forth herein and have first-hand knowledge thereof, and attest that all statements are based on My first-hand knowledge and not on hearsay or unconfirmed facts, and that such facts are true, correct, complete and certain, admissible as evidence, and if called upon as a witness, will testify to their veracity.

Dated the Twelfth Day of August, Two Thousand Twenty-two

KENNETH SCOTT COUSENS
BY:

Kenneth Scott, House of Cousens
Priority Agent for
KENNETH SCOTT COUSENS
Private Estate Trust
Private Civilian, Californian, American National,
Private Living Beneficiary and Heir to the Estate
Holder and Administrator of Office of Executor

***Expressly Reserving All Liberties and All Rights*, Without Recourse**

22WCUD01328
Electronically FILED by Superior Court of California, County of Los Angeles on 07/13/2022 03:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Quach, Deputy Clerk

SUM-130

# SUMMONS
## *(CITACIÓN JUDICIAL)*
### UNLAWFUL DETAINER—EVICTION
### *(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
KENNETH SCOTT COUSENS and ANDREA HELEN TEALE

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
GLENN T. TOMITA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (*www.lawhelpca.org*), the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), or by contacting your local court or county bar association.

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE**: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.*

***EXENCIÓN DE CUOTAS:*** *Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.* ***AVISO:*** *Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

CASE NUMBER *(número del caso):* 22WCUD01328

1. The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles County Superior Court
1427 West Covina Parkway
West Covina, CA 91790

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James E. Klinkert, State Bar No. 115937, Klinkert, Gutierrez & Neavel, 1407 N. Batavia Street, Suite 202, Orange, CA 92867

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2022]

SUMMONS—UNLAWFUL DETAINER—EVICTION

Code of Civil Procedure, §§ 412.20, 415.45, 1167
www.courts.ca.gov

SUM-130

| PLAINTIFF (Name): GLENN T. TOMITA | CASE NUMBER |
| --- | --- |
| DEFENDANT (Name): KENNETH SCOTT COUSENS and ANDREA HELEN TEALE | 22WCUD01328 |

3. *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415)** [x] did **not** [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant)*:
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date)* :

Date: 07/13/2022 Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)* Clerk, by *(Secretario)* K. Quach , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons *(form POS-010).)*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [x] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as an occupant.
   d. [ ] on behalf of *(specify)*:
   under: [ ] CCP 416.10 (corporation). [ ] CCP 416.60 (minor).
   [ ] CCP 416.20 (defunct corporation). [ ] CCP 416.70 (conservatee).
   [ ] CCP 416.40 (association or partnership). [ ] CCP 416.90 (authorized person).
   [ ] CCP 415.46 (occupant). [ ] other *(specify)*:
   e. [x] by personal delivery on *(date)*: 7.15.22

CP10.5

**NOTICE: EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.**

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

CLAIMANT OR CLAIMANT'S ATTORNEY (*Name and Address*): TELEPHONE NO.: 909-390-9999
James E. Klinkert
Klinkert, Gutierrez & Neavel
1407 N. Batavia Street, Suite 202
Orange, CA 92867

ATTORNEY FOR (*Name*): Plaintiff Glenn T. Tomita

*FOR COURT USE ONLY*

NAME OF COURT: LOS ANGELES COUNTY SUPERIOR COURT
STREET ADDRESS: 1427 West Covina Parkway
MAILING ADDRESS: 1427 West Covina Parkway
CITY AND ZIP CODE: West Covina, CA 91790
BRANCH NAME: West Covina Courthouse

Plaintiff: GLENN T. TOMITA
Defendant: KENNETH SCOTT COUSENS, ANDREA HELEN TEALE

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

CASE NUMBER: 22WCUD01328

**Complete this form only if ALL of these statements are true:**
**1. You are NOT named in the accompanying Summons and Complaint.**
**2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)**
**3. You still occupy the subject premises.**

*(To be completed by the process server)*
DATE OF SERVICE: 7-15-22
*(Date that form is served or delivered, posted, and mailed by the officer or process server)*

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*:
2. I reside at *(street address, unit no., city and ZIP code)*:
3. The address of "the premises" subject to this claim is *(address)*:
4. On *(insert date)*: , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint.)*
5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.
6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.
7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.
8. I was not named in the Summons and Complaint.
9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.
10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $ or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

| Plaintiff: GLENN T. TOMITA | CASE NUMBER: 22WCUD01328 |
|---|---|
| Defendant: KENNETH SCOTT COUSENS, ANDREA HELEN TEALE | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

**NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you):*
   a. ☐ an oral or written rental agreement with the landlord.
   b. ☐ an oral or written rental agreement with a person other than the landlord.
   c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.
   d. ☐ other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

WARNING: Perjury is a felony punishable by imprisonment in the state prison.

Date:

(TYPE OR PRINT NAME) ▶ (SIGNATURE OF CLAIMANT)

**NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

**1. You are NOT named in the accompanying Summons and Complaint.**
**2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**
**3. You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

22WCUD01328

Electronically FILED by Superior Court of California, County of Los Angeles on 07/08/2022 12:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Quach,Deputy Clerk
Assigned for all purposes to: West Covina Courthouse, Judicial Officer: Kenneth Fuller

UD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER 115937
NAME: James E. Klinkert
FIRM NAME: Klinkert, Gutierrez & Neavel
STREET ADDRESS: 1407 N. Batavia Street, Suite 202
CITY: Orange STATE: CA ZIP CODE: 92867
TELEPHONE NO.: 909-390-9999 FAX NO.: 909-390-9990
EMAIL ADDRESS: jklinkert@rkmattorneys.com
ATTORNEY FOR (name): Plaintiff Glenn T. Tomita

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1427 West Covina Parkway
MAILING ADDRESS: 1427 West Covina Parkway
CITY AND ZIP CODE: West Covina, CA 91790
BRANCH NAME: West Covina Courthouse

PLAINTIFF: GLENN T. TOMITA
DEFENDANT: KENNETH SCOTT COUSENS, ANDREA HELEN TEALE
[x] DOES 1 TO 10

**COMPLAINT—UNLAWFUL DETAINER***
[x] **COMPLAINT** [ ] **AMENDED COMPLAINT (Amendment Number):**

CASE NUMBER: 22WCUD01328

**Jurisdiction *(check all that apply)*:**
[x] **ACTION IS A LIMITED CIVIL CASE**
**Amount demanded** [x] **does not exceed $10,000.**
[ ] **exceeds $10,000 but does not exceed $25,000.**
[ ] **ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply)*:**
[ ] **from unlawful detainer to general unlimited civil (possession not in issue).** [ ] **from limited to unlimited.**
[ ] **from unlawful detainer to general limited civil (possession not in issue).** [ ] **from unlimited to limited.**

1. *PLAINTIFF (name each):*
GLENN T. TOMITA

*alleges causes of action against DEFENDANT (name each):*
KENNETH SCOTT COUSENS and ANDREA HELEN TEALE

2. a. Plaintiff is (1) [x] an individual over the age of 18 years. (4) [ ] a partnership.
(2) [ ] a public agency. (5) [ ] a corporation.
(3) [ ] other *(specify)*:

b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
18925 Elizondo St., West Covina, CA 91792

b. The premises in 3a are *(check one)*
(1) [x] within the city limits of *(name of city)*: West Covina, CA
(2) [ ] within the unincorporated area of *(name of county)*:

c. The premises in 3a were constructed in *(approximate year)*: 1976

4. Plaintiff's interest in the premises is [x] as owner [ ] other *(specify)*:

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]

COMPLAINT—UNLAWFUL DETAINER

Civil Code, § 1940 et seq.
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov

| PLAINTIFF: GLENN T. TOMITA<br>DEFENDANT: KENNETH SCOTT COUSENS, ANDREA HELEN TEALE | CASE NUMBER |
|---|---|

6. a. On or about *(date)*: September 20, 2019
*defendant (name each)*:
Kenneth Scott Cousens and Andrea Helen Teale

(1) agreed to rent the premises as a [ ] month-to-month tenancy [x] other tenancy *(specify)*: fixed term lease
(2) agreed to pay rent of $ 2,700 payable [x] monthly [ ] other *(specify frequency)*:
(3) agreed to pay rent on the [x] first of the month [ ] other day *(specify)*:

b. This [x] written [ ] oral agreement was made with
(1) [x] plaintiff. (3) [ ] plaintiff's predecessor in interest.
(2) [ ] plaintiff's agent. (4) [ ] Other *(specify)*:

c. [x] The defendants not named in item 6a are
(1) [x] subtenants.
(2) [ ] assignees.
(3) [ ] Other *(specify)*:

d. [x] The agreement was later changed as follows *(specify)*:
On or about 3/15/20, the lease was extended to 8/31/20 and the rent was increased to $2,850 per month. Upon expiration of the extended term of the lease, defendants continued to occupy the property as month to month tenants at the same rent.

e. [x] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

f. [ ] *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason)*:
(1) [ ] *the written agreement is not in the possession of the landlord or the landlord's employees or agents.*
(2) [ ] *this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).*

7. The tenancy described in 6 *(complete (a) or (b))*

a. [ ] is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify)*:

b. [x] is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*

a. [x] The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).

b. [ ] The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*

(1) [ ] waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $

(2) [ ] provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to *(name each defendant and amount given to each)*:

c. [ ] Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. [x] Defendant *(name each)*: Kenneth Scott Cousens and Andrea Helen Teale

was served the following notice on the same date and in the same manner:

(1) [x] 3-day notice to pay rent or quit
(2) [ ] 30-day notice to quit
(3) [ ] 60-day notice to quit
(4) [ ] 3-day notice to quit
(5) [ ] 3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
(6) [ ] 3-day notice to quit under Civil Code, § 1946.2(c)
Prior required notice to perform covenants served *(date)*:
(7) [ ] Other *(specify)*:

| PLAINTIFF: GLENN T. TOMITA<br>DEFENDANT: KENNETH SCOTT COUSENS, ANDREA HELEN TEALE | CASE NUMBER |
|---|---|

9. b. (1) On *(date):* June 30, 2022 the period stated in the notice checked in 9a expired at the end of the day.
(2) Defendants failed to comply with the requirements of the notice by that date.

c. All facts stated in the notice are true.

d. [X] The notice included an election of forfeiture.

e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*

f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:

(1) [ ] By personally handing a copy to defendant on *(date):*

(2) [ ] By leaving a copy with *(name or description):*

a person of suitable age and discretion, on *(date):* at defendant's [ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence on *(date):* because defendant cannot be found at defendant's residence or usual place of business.

(3) [X] By posting a copy on the premises on *(date):* June 27, 2022

[X] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date):* June 27, 2022

(a) [ ] because defendant's residence and usual place of business cannot be ascertained OR

(b) [X] because no person of suitable age or discretion can be found there.

(4) [ ] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*

(5) [ ] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties

b. [ ] *(Name):*
was served on behalf of all defendants who signed a joint written rental agreement.

c. [ ] *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.*

d. [X] *Proof of service of the notice in item 9a is attached and labeled Exhibit 3.*

11. [ ] *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

12. [X] *At the time the 3-day notice to pay rent or quit was served, the amount of* ***rent due*** *was* $5,700.00

13. [X] *The fair rental value of the premises is* $ 95.00 per day.

14. [ ] *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15. [X] *A written agreement between the parties provides for attorney fees.*

16. [ ] *Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

17. [ ] *Other allegations are stated in Attachment 17.*

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

| PLAINTIFF: GLENN T. TOMITA | CASE NUMBER: |
|---|---|
| DEFENDANT: KENNETH SCOTT COUSENS, ANDREA HELEN TEALE | |

19. **PLAINTIFF REQUESTS**

a. possession of the premises.
b. costs incurred in this proceeding:
c. [x] past-due rent of $ 5,700.00
d. [x] reasonable attorney fees.
e. [x] forfeiture of the agreement.
f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $
g. [x] damages at the rate stated in item 13 from date: July 1, 2022 for each day that defendants remain in possession through entry of judgment.
h. [ ] statutory damages up to $600 for the conduct alleged in item 14.
i. [ ] other *(specify)*:

20. [x] Number of pages attached *(specify)*: 19

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400–6415)

21. [x] *(Complete in all cases.)* An unlawful detainer assistant [x] did **not** [ ] did for compensation give advice or assistance with this form. *(If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.)*

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on *(date)*:

Date: July 6, 2022

James E. Klinkert
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 6, 2022

Glenn T. Tomita
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF)

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

**EXHIBIT 1**

DocuSign Envelope ID: 6B57BEA9-CC4D-41F3-85FE-BF6117E9EBC5

CALIFORNIA
ASSOCIATION
OF REALTORS®

# RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT

(C.A.R. Form LR, Revised 6/18)

Date *09/20/2019*, *Glenn T. Tomita* ("Landlord") and *Kenneth S. Cousens, Andrea H. Teale* ("Tenant") agree as follows ("Agreement"):

1. **PROPERTY:**
   A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: *18925 Elizondo St, West Covina, CA 91792* ("Premises").
   B. The Premises are for the sole use as a personal residence by the following named person(s) **only:** *Kenneth S. Cousens & Andrea H. Teale*
   C. The following personal property, maintained pursuant to paragraph 11, is included: ______ or ☐ (if checked) the personal property on the attached addendum is included.
   D. The Premises may be subject to a local rent control ordinance
2. **TERM:** The term begins on (date) *October 1, 2019* ("Commencement Date"). If Tenant has not paid all amounts then due; (i) Tenant has no right to possession or keys to the premises and; (ii) this Agreement is voidable at the option of Landlord, 2 calendar days after giving Tenant a Notice to Pay (C.A.R. Form PPN). Notice may be delivered to Tenant (i) in person; (ii) by mail to Tenant's last known address; or (iii) by email, if provided in Tenant's application or previously used by Tenant to communicate with Landlord or agent for Owner. If Landlord elects to void the lease, Landlord shall refund to Tenant all rent and security deposit paid.
   **(Check A or B):**
   ☐ A. **Month-to-Month:** This Agreement continues from the commencement date as a month-to-month tenancy. Tenant may terminate the tenancy by giving written notice at least 30 days prior to the intended termination date. Tenant shall be responsible for paying rent through the termination date even if moving out early. Landlord may terminate the tenancy by giving written notice as provided by law. Such notices may be given on any date.
   ☒ B. **Lease:** This Agreement shall terminate on (date) *March 31, 2020* at *12:00* ☒ AM/ ☐ PM. Tenant shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this Agreement in writing or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from Tenant (other than past due Rent), in which case a month-to-month tenancy shall be created which either party may terminate as specified in paragraph 2A. Rent shall be at a rate agreed to by Landlord and Tenant, or as allowed by law. All other terms and conditions of this Agreement shall remain in full force and effect.
3. **RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of the Agreement, except security deposit
   A. Tenant agrees to pay $*2,700.00* per month for the term of the Agreement.
   B. Rent is payable in advance on the 1st (or ☐ ______) day of each calendar month, and is delinquent on the next day.
   C. If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full month's Rent in advance of Commencement Date, Rent for the second calendar month shall be prorated and Tenant shall pay 1/30th of the monthly rent per day for each day remaining in the prorated second month.
   D. PAYMENT: (1) Rent shall be paid by ☐ personal check, ☐ money order, ☐ cashier's check, made payable to ______, ☐ wire/electronic transfer, or ☒ other *Auto transfer*
   (2) Rent shall be delivered to (name) *Glenn Takeo Tomita / East West Bank / Routing #322070381 / Account #2014002253* (whose phone number is) *(626)674-7368* at (address) ______, (or at any other location subsequently specified by Landlord in writing to Tenant) (and ☐ if checked, rent may be paid personally, between the hours of ______ and ______ on the following days ______).
   (3) If any payment is returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in writing, require Tenant to pay Rent in cash for three months and (ii) all future Rent shall be paid by ☐ money order, or ☐ cashier's check.
   E. Rent payments received by Landlord shall be applied to the earliest amount(s) due or past due.
4. **SECURITY DEPOSIT:**
   A. Tenant agrees to pay $______ as a security deposit. Security deposit will be ☐ transferred to and held by the Owner of the Premises, or ☐ held in Owner's Broker's trust account.
   B. All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which includes Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest, invitee or licensee of Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property or appurtenances. **SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT.** If all or any portion of the security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit within five days after written notice is delivered to Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: (1) furnish Tenant an itemized statement indicating the amount of any security deposit received and the basis for its disposition and supporting documentation as required by California Civil Code § 1950.5(g); and (2) return any remaining portion of the security deposit to Tenant.
   C. **Security deposit will not be returned until all Tenants have vacated the Premises and all keys returned. Any security deposit returned by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.**
   D. No interest will be paid on security deposit unless required by local law.
   E. If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is held in Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposit is released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for the security deposit.

Tenant's Initials (KC) (AT) Landlord's Initials (GT) (______)

© 2018, California Association of REALTORS®, Inc.

RE/MAX Masters Realty, 1030 Bonita Avenue La Verne CA 91750 Phone: 9094477818 Fax: 9099185031 18925 Elizondo St.
Jenny Xu Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

Premises: *18925 Elizondo St, West Covina, CA 91792* Date: *09/20/2019*

5. **MOVE-IN COSTS RECEIVED/DUE:** Move-in funds shall be paid by ☐ personal check, ☐ money order, or ☐ cashier's check, ☒ wire/ electronic transfer.

| Category | Total Due | Payment Received | Balance Due | Date Due | Payable To |
|---|---|---|---|---|---|
| Rent from *10/01/2019* to *10/31/2019* (date) | *$2,700.00* | | *$2,700.00* | | |
| Security Deposit | | | | | |
| Other *key deposit* | *$100.00* | | *$100.00* | | |
| Other | | | | | |
| Total | *$2,800.00* | | *$2,800.00* | *09/27/2019* | *Glenn Tomita* |

The maximum amount of security deposit, however designated, cannot exceed two months' Rent for an unfurnished premises, or three months' Rent for a furnished premises.

6. **LATE CHARGE; RETURNED CHECKS:**
   A. Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within 5 (or ☐ ________ ) calendar days after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $________ or *10.000* of the Rent due as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.
   B. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall neither be deemed an extension of the date Rent is due under paragraph 3 nor prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

7. **PARKING: (Check A or B)**
   ☒ A. Parking is permitted as follows: *2-car garage attached*

   The right to parking ☒ is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $________ per month. Parking space(s) are to be used only for parking properly registered and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. ehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work, or storage of inoperable vehicles, or storage of any kind is not permitted in parking space(s) or elsewhere on the Premises except as specified in paragraph 8.

   OR ☐ B. Parking is not permitted on the real property of which the Premises is a part.

8. **STORAGE: (Check A or B)**
   ☐ A. Storage is permitted as follows: ________

   The right to separate storage space ☐ is, ☐ is not, included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $________ per month. Tenant shall store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.

   OR ☐ B. Except for Tenant's personal property, contained entirely within the Premises, storage is not permitted on the Premises.

9. **UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: *water and trash* except *gardening monthly service.*, which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.
   ☐ A. **Water Submeters:** Water use on the Premises is measured by a submeter and Tenant will be separately billed for water usage based on the submeter. See attached Water Submeter Addendum (C.A.R. Form WSM) for additional terms.
   ☐ B. **Gas Meter:** The Premises does not have a separate gas meter.
   ☐ C. **Electric Meter:** The Premises does not have a separate electrical meter.

10. **CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke alarm(s) and carbon monoxide detector(s).
    **(Check all that apply:)**
    ☐ A. Tenant acknowledges these items are clean and in operable condition, with the following exceptions: ________
    ☐ B. Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).
    ☒ C. (i) Landlord will Deliver to Tenant a statement of condition (C.A.R. Form MIMO) ☐ within 3 days after execution of this Agreement; ☐ prior to the Commencement Date; ☐ within 3 days after the Commencement Date.
    (ii) Tenant shall complete and return the MIMO to Landlord within 3 (or ☐ ____ ) days after Delivery. Tenant's failure to return the MIMO within that time shall conclusively be deemed Tenant's Acknowledgement of the condition as stated in the MIMO.

Tenant's Initials ( *[initials]* ) ( *AT* ) Landlord's Initials ( *GT* ) ( ____ )

DocuSign Envelope ID: 0B57BEA8-CCAD-41F3-88FE-8F6117E3EBC5

Premises: *18925 Elizondo St. West Covina, CA 91792* Date: *09/20/2019*

☐ D. Tenant will provide Landlord a list of items that are damaged or not in operable condition within 3 (or ☐ ____) days after Commencement Date, not as a contingency of this Agreement but rather as an acknowledgement of the condition of the Premises.

☐ E. Other: ______

**11. MAINTENANCE USE AND REPORTING:**

A. Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, carbon monoxide detector(s) and smoke alarms, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all carbon monoxide detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall replace any burned out or malfunctioning light bulbs. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage with any item including carbon monoxide detector(s) and smoke alarms on the property. Tenant shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.

B. ☐ Landlord ☒ Tenant shall water the garden, landscaping, trees and shrubs, except: ______

C. ☒ Landlord ☐ Tenant shall maintain the garden, landscaping, trees and shrubs, except: ______

D. ☐ Landlord ☒ Tenant shall maintain *refrigerator, washer and dryer in good/ clean/ working condition*.

E. Landlord and Tenant agree that State or local water use restrictions shall supersede any obligation of Landlord or Tenant to water or maintain any garden, landscaping, trees or shrubs pursuant to 11B, 11C, and 11D.

F. Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform such maintenance and charge Tenant to cover the cost of such maintenance.

G. The following items of personal property are included in the Premises without warranty and Landlord will not maintain, repair or replace them: *refrigerator, washer and dryer*.

H. Tenant understands that if Premises is located in a Common Interest Development, Landlord may not have authority or control over certain parts of the Premises such as roof, electrical, gas or plumbing features inside certain walls, and common areas such as shared parking structure or garage.

I. Tenant shall not use the premises to plant, grow, cultivate or sell marijuana.

**12. NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy himself or herself as to neighborhood or area conditions, including, but not limited to, schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.

**13. PETS:** nless otherwise provided in California Civil Code §5 .2, or other law, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent, ☐ except as agreed to in the attached Pet Addendum (C.A.R. Form PET).

**14. SMOKING:**

A. (i) Tenant is responsible for all damage caused by smoking including, but not limited to stains, burns, odors and removal of debris; (ii) Tenant acknowledges that in order to remove odor caused by smoking, Landlord may need to replace carpet and drapes and paint the entire premises regardless of when these items were last cleaned, replaced or repainted. Such actions and other necessary steps will impact the return of any security deposit.

B. The Premises or common areas may be subject to a local non-smoking ordinance.

C. NO SMO IN of any substance is allowed on the Premises or common areas. If smoking does occur on the Premises or common areas, (i) Tenant is in material breach of this Agreement; (ii) Tenant, guests, and all others may be required to leave the Premises. ☐ Smoking of the following substances only is allowed: ______

**15. RULES/REGULATIONS:**

A. Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests, invitees, and licensees of Tenant shall not, disturb, annoy, endanger or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, under federal, state, or local law including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.

B. **(If applicable, check one)**

☐ 1. Landlord shall provide Tenant with a copy of the rules and regulations within ______ days or ______.

OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.

Tenant's Initials (____) (____) Landlord's Initials (GT) (____)

DocuSign Envelope ID: 6B57BEA9-CC4D-41F3-85FE-BF6117E9EBC5

Premises: *18925 Elizondo St, West Covina, CA 91792* Date: *09/20/2019*

16. ☐ (If checked) **CONDOMINIUM; PLANNED UNIT DEVELOPMENT:**

A. The Premises are a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association (" OA"). The name of the OA is ______________________. Tenant agrees to comply with all OA covenants, conditions and restrictions, bylaws, rules and regulations and decisions (" OA Rules"). Tenant shall reimburse Landlord for any fines or charges imposed by OA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant or Landlord shall have the right to deduct such amounts from the security deposit.

B. If applicable, Tenant is required to pay a fee to the OA to gain access to certain areas within the development such as but not necessarily including or limited to the front gate, pool, and recreational facilities. If not specified in paragraph 5, Tenant is solely responsible for payment and satisfying any OA requirements prior to or upon or after the Commencement Date.

C. (Check one)

☐ 1. Landlord shall provide Tenant with a copy of the OA Rules within ______________________ days or ______________________.

OR ☐ 2. Tenant has been provided with, and acknowledges receipt of, a copy of the OA Rules.

17. **ALTERATIONS; REPAIRS:** nless otherwise specified by law or paragraph 25C, without Landlord's prior written consent, (i) Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; (ii) Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; (iii) Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and (iv) any deduction made by Tenant shall be considered unpaid Rent.

18. **KEYS; LOCKS:**

A. Tenant acknowledges receipt of (or Tenant will receive ☐ prior to the Commencement Date, or ☐ ______________________):

☒ *1* key(s) to Premises, ☒ *2* remote control device(s) for garage door/gate opener(s),
☒ *1* key(s) to mailbox, ☒ *1 Master bedroom* ______________________,
☐ ____ key(s) to common area(s), ☐ ______________________.

B. Tenant acknowledges that locks to the Premises ☐ have, ☒ have not, been re-keyed.

C. If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

19. **ENTRY:**

A. Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs (including, but not limited to, installing, repairing, testing, and maintaining smoke detectors and carbon monoxide devices, and bracing, anchoring or strapping water heaters, or repairing dilapidation relating to the presence of mold); providing decorations, alterations, or improvements, or supplying necessary or agreed services; or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, contractors and others (collectively "Interested Persons"). Tenant agrees that Landlord, Broker and Interested Persons may take photos of the Premises.

B. Landlord and Tenant agree that 2 -hour written notice shall be reasonable and sufficient notice, except as follows: (1) 8-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. (2) If Landlord has in writing informed Tenant that the Premises are for sale and that Tenant will be notified orally to show the premises (C.A.R. Form NSE), then, for the next 120 days following the delivery of the NSE, notice may be given orally to show the Premises to actual or prospective purchasers. (3) No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement. ( ) No notice is required: (i) to enter in case of an emergency; (ii) If the Tenant is present and consents at the time of entry; or (iii) if the Tenant has abandoned or surrendered the Premises.

C. ☐ (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form LA).

20. **PHOTOGRAPHS AND INTERNET ADVERTISING:**

A. In order to effectively market the Premises for sale or rental it is often necessary to provide photographs, virtual tours and other media to Interested Persons. Tenant agrees that Broker may photograph or otherwise electronically capture images of the exterior and interior of the Premises ("Images") for static and/or virtual tours of the Premises by Interested Persons for use on Broker's website, the MLS, and other marketing materials and sites. Tenant acknowledges that once Images are placed on the Internet neither Broker nor Landlord has control over who can view such Images and what use viewers may make of the Images, or how long such Images may remain available on the Internet.

B. Tenant acknowledges that prospective Interested Persons coming onto the Premises may take photographs, videos or other images of the Premises. Tenant understands that Broker does not have the ability to control or block the taking and use of Images by any such persons. Once Images are taken and/or put into electronic display on the Internet or otherwise, neither Broker nor Landlord has control over who views such Images nor what use viewers may make of the Images.

21. **SIGNS:** Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.

22. **ASSIGNMENT; SUBLETTING: A.** Tenant shall not sublet all or any part of Premises, or parking or storage spaces, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. nless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement. **B.** This prohibition also applies ( ☐ does not apply) to short term, vacation, and transient rentals such as, but not limited to, those arranged through AirBnB, RBO, omeAway or other short term rental services. **C.** Any violation of this prohibition is a non-curable, material breach of this Agreement.

Tenant's Initials ( [signature] ) ( GT ) Landlord's Initials ( GT ) ( )

LR REVISED 6/18 (PAGE 4 OF 8)
RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 4 OF 8)
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 802 www.zipLogix.com 18925 Elizondo St

Premises: *18925 Elizondo St, West Covina, CA 91792* Date: *09/20/2019*

23. **JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

24. **POSSESSION:**
   A. (1) Tenant is not in possession of the Premises. If Landlord is unable to deliver possession of Premises on Commencement Date, such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to deliver possession within 5 (or ☐ ____________ ) **calendar days** after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid.
   or (2) Possession is deemed terminated when Tenant has returned all keys to the Premises to Landlord.
   B. ☒ Tenant is already in possession of the Premises.

25. **TENANT'S OBLIGATIONS UPON VACATING PREMISES:**
   A. pon termination of this Agreement, Tenant shall: (i) give Landlord all copies of all keys and any opening devices to Premises, including any common areas; (ii) vacate and surrender Premises to Landlord, empty of all persons; and personal property belonging to Tenant (iii) vacate any/all parking and/or storage space; (iv) clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10; (v) remove all debris; (vi) give written notice to Landlord of Tenant's forwarding address; and (vii) ______________________________
   B. All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.
   C. **Right to Pre-Move-Out Inspection and Repairs:** (i) After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the expiration of this Agreement, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. (ii) Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. (iii) Tenant shall: (a) obtain receipts for Repairs performed by others; (b) prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and (c) provide copies of receipts and statements to Landlord prior to termination. Paragraph 25C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 11 1(2), (3), or ( ).

26. **BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 25, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.

27. **TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.

28. **DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.

29. **INSURANCE: A.** Tenant's, guest's, invitees or licensee's personal property and vehicles are not insured by Landlord, manager or, if applicable, OA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. **Tenant is advised to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss or damage. B.** Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: (i) an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or (ii) loss of insurance. **C.** ☒ Tenant shall obtain liability insurance, in an amount not less than $*100,000.00*, naming Landlord and, if applicable, Property Manager as additional insured for injury or damage to, or upon, the Premises during the term of this agreement or any extension. Tenant shall provide Landlord a copy of the insurance policy before commencement of this Agreement, and a rider prior to any renewal.

30. **WATERBEDS/PORTABLE WASHERS:** Tenant shall not use or have waterbeds on the Premises unless: (i) Tenant obtains a valid waterbed insurance policy; (ii) Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and (iii) the bed conforms to the floor load capacity of Premises. Tenant shall not use on the Premises ☐ Portable Dishwasher ☐ Portable Washing Machine.

31. **WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

Tenant's Initials ( ) ( ) Landlord's Initials ( GT ) ( )

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com 18925 Elizondo St,

DocuSign Envelope ID: 6B57BEA9-CC4D-41F3-85FE-BF6117E9EBC5

Premises: *18925 Elizondo St, West Covina, CA 91792* Date: *09/20/2019*

32 **NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:

Landlord: *Glenn T. Tomita & Jenny Xu* Tenant: *Kenneth S. Cousons' tel: 702-339-9718*
*Tel: 626-674-7368* *Email: kenneth.scott@panterrapca.org*
*Email: jenny@jennyxuhome.com*
*Andrea's tel: 760-742-1373*

33. **TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within 3 days after its receipt (C.A.R. Form TEC). Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

34. **REPRESENTATION**

A. **TENANT REPRESENTATION; OBLIGATIONS REGARDING OCCUPANTS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Landlord requires all occupants 18 years of age or older and all emancipated minors to complete a lease rental application. Tenant acknowledges this requirement and agrees to notify Landlord when any occupant of the Premises reaches the age of 18 or becomes an emancipated minor. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Agreement. Landlord may cancel this Agreement: (i) before occupancy begins; upon disapproval of the credit report(s), or upon discovering that information in Tenant's application is false; (ii) After commencement date, upon disapproval of an updated credit report or upon discovering that information in Tenant's application is no longer true. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.

B. **LANDLORD REPRESENTATIONS:** Landlord warrants that, unless otherwise specified in writing, Landlord is unaware of (i) any recorded Notices of Default affecting the Premise; (ii) any delinquent amounts due under any loan secured by the Premises; and (iii) any bankruptcy proceeding affecting the Premises.

35. **MEDIATION:**

A. Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action.

B. The following matters are excluded from mediation: (i) an unlawful detainer action; (ii) the filing or enforcement of a mechanic's lien; and (iii) any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provision.

C. Landlord and Tenant agree to mediate disputes or claims involving Listing Agent, Leasing Agent or property manager ("Broker"), provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.

36. **ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, collectively not to exceed $1,000 (or $__________), except as provided in paragraph 35A.

37. **C.A.R. FORM:** C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.

38. **STATUTORY DISCLOSURES:**

A. [X] **LEAD-BASED PAINT (If checked):** Premises were constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead pamphlet.

B. **PERIODIC PEST CONTROL (CHECK IF EITHER APPLIES):**

1. [ ] Landlord has entered into a contract for periodic pest control treatment of the Premises and shall give Tenant a copy of the notice originally given to Landlord by the pest control company.
2. [ ] Premises is a house. Tenant is responsible for periodic pest control treatment.

C. [ ] **METHAMPHETAMINE CONTAMINATION:** Prior to signing this Agreement, Landlord has given Tenant a notice that a health official has issued an order prohibiting occupancy of the property because of methamphetamine contamination. A copy of the notice and order are attached.

D. **BED BUGS:** Landlord has no knowledge of any infestation in the Premises by bed bugs. See attached Bed Bug Disclosure (C.A.R. Form BBD) for further information. Tenant shall report suspected bed bug infestation to Landlord or, if applicable, property manager and cooperate with any inspection for and treatment of bed bugs. Landlord will notify tenants of any units infested by bed bugs.

E. **MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290. of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of ustice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and IP Code in which he or she resides. (Neither Landlord nor Brokers, if any, are required to check this website. If Tenant wants further information, Tenant should obtain information directly from this website.)

F. [ ] **RESIDENTIAL ENVIRONMENTAL HAZARDS BOOKLET:** Tenant acknowledges receipt of the residential environmental hazards booklet.

G. [ ] **MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises are located within one mile of an area once used for military training, and may contain potentially explosive munitions.

H. **FLOOD HAZARD DISCLOSURE:** Flooding has the potential to cause significant damage to personal property owned by Tenant. See attached Tenant Flood azard Disclosure (C.A.R. Form TF D) for additional information.

Tenant's Initials (KSC) (AT) Landlord's Initials (GT) (_____)

DocuSign Envelope ID: 6B57BEA9-CC4D-41F3-85FE-BF6117E9EBC5

Premises: *18925 Elizondo St, West Covina, CA 91792* Date: *09/20/2019*

39. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

40. **AGENCY:**

A. **CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:
Listing Agent: (Print firm name) *Landlord is representing himself*
is the agent of (check one): [X] the Landlord exclusively; or [ ] both the Landlord and Tenant.
Leasing Agent: (Print firm name) *Tenants are representing themselves*
(if not same as Listing Agent) is the agent of (check one): [X] the Tenant exclusively; or [ ] the Landlord exclusively; or [ ] both the Tenant and Landlord.

B. **DISCLOSURE:** [ ] (If checked): The term of this Agreement exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.

41. [ ] **TENANT COMPENSATION TO BROKER:** pon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.

42. **NOTICE OF RIGHT TO RECEIVE FOREIGN LANGUAGE TRANSLATION OF LEASE/RENTAL AGREEMENTS:** California Civil Code requires a landlord or property manager to provide a tenant with a foreign language translation copy of a lease or rental agreement if the agreement was negotiated primarily in Spanish, Chinese, orean, Tagalog or ietnamese. If applicable, every term of the lease/rental needs to be translated except for, among others, names, dollar amounts and dates written as numerals, and words with no generally accepted non-English translation.

43. **OWNER COMPENSATION TO BROKER:** pon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LL or LCA).

44. **RECEIPT:** If specified in paragraph 5, Landlord or Broker, acknowledges receipt of move-in funds.

45. **OTHER TERMS AND CONDITIONS;** If checked, the following ATTAC ED documents are incorporated in this Agreement:
[ ] eysafe/Lockbox Addendum (C.A.R. Form LA); [X] Lead-Based Paint and Lead-Based Paint azards Disclosure (C.A.R. Form FLD);
[ ] Lease/Rental Mold and entilation Addendum (C.A.R. Form LRM); [ ] Landlord in Default Addendum (C.A.R. Form LID)
[X] Bed Bud Disclosure (C.A.R. Form BBD); [X] Tenant Flood azard Disclosure (C.A.R. Form TF D)
Other: *Tenant is required to hire a professional cleaning company to clean the entire house prior to transferring the keys (after move out). Tenant to obtain a renter's insurance policy for the entire lease period. See Addendum #1 dated 09/20/19*

46. **REPRESENTATIVE CAPACITY:** If one or more Parties is signing this Agreement in a representative capacity and not for him/herself as an individual then that Party shall so indicate in paragraph 9 or 50 and attach a Representative Capacity Signature Disclosure (C.A.R. Form RCSD). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Party acting in a representative capacity (i) represents that the entity for which that party is acting already exists and (ii) shall Deliver to the other Party and Escrow older, within 3 Days After Acceptance, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code §18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).

Landlord and Tenant acknowledge and agree Brokers: (a) do not guarantee the condition of the Premises; (b) cannot verify representations made by others; (c) cannot provide legal or tax advice; (d) will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: (e) do not decide what rental rate a Tenant should pay or Landlord should accept; and (f) do not decide upon the length or other terms of this Agreement. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

47. [ ] **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language: ______. Landlord and Tenant acknowledge receipt of the attached interpreter/translator agreement (C.A.R. Form ITA).

48. The Premises is being managed by Owner, (or, if checked):
[ ] Listing firm in box below [ ] Leasing firm in box below [ ] Property Management firm immediately below

Real Estate Broker (Property Manager) ______ DRE Lic ______
By (Agent) ______ DRE Lic ______
Address ______ Telephone ______

Tenant's Initials ( ) ( ) Landlord's Initials ( GT ) ( )

DocuSign Envelope ID: 6B57BEA9-CC4D-41F3-85FE-BF6117E9EBC5

Premises: *18925 Elizondo St, West Covina, CA 91792* Date: *09/20/2019*

**49. Tenant agrees to rent the Premises on the above terms and conditions.**

☐ One or more Tenants is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (For Tenant Representative) (C.A.R. Form RCSD-T) for additional terms.

Tenant [signature] Date 9/24/2019
Print Name *Kenneth S. Cousens*
Address ______ City ______ State ______ Zip ______
Telephone ______ Fax ______ E-mail ______
Tenant [signature] Date ______
Print Name *Andrea H. Teale*
Address ______ City ______ State ______ Zip ______
Telephone ______ Fax ______ E-mail ______

☐ Additional Signature Addendum attached (C.A.R. Form ASA)

☐ **GUARANTEE:** In consideration of the execution of this Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: (i) guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; (ii) consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and (iii) waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

Guarantor (Print Name) ______
Guarantor ______ Date ______
Address ______ City ______ State ______ Zip ______
Telephone ______ Fax ______ E-mail ______

**50. Landlord (owner or ☐ agent for owner) agrees to rent the Premises on the above terms and conditions.**

☐ One or more Landlords is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (For Landlord Representative) (C.A.R. Form RCSD-LL) for additional terms.

Landlord [signature] Glenn T. Tomita Date 9/24/2019 Landlord ______ Date ______
Address ______
Telephone ______ Fax ______ E-mail ______

**REAL ESTATE BROKERS:**

A. Real estate brokers who are not also Landlord under this Agreement are not parties to the Agreement between Landlord and Tenant.
B. Agency relationships are confirmed in paragraph 0.
C. **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: (i) the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or lease or a reciprocal MLS; or (ii) ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

Real Estate Broker (Leasing Firm) *Tenants are representing themselves* DRE Lic. ______
By (Agent) ______ DRE Lic. ______ Date ______
Address ______ City ______ State ______ Zip ______
Telephone ______ Fax ______ E-mail ______

Real Estate Broker (Listing Firm) *Landlord is representing himself* DRE Lic. ______
By (Agent) ______ DRE Lic. ______ Date ______
Address ______ City ______ State ______ Zip ______
Telephone ______ Fax ______ E-mail ______

© 2018, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

DocuSign Envelope ID: 6B57BEA9-CC4D-41F3-85FE-BF6117E9EBC5

CALIFORNIA
ASSOCIATION
OF REALTORS®

# BED BUG DISCLOSURE

**(C.A.R. Form BBD, 6/17)**
**(California Civil Code §1954.603)**

The following terms and conditions are hereby incorporated in and made a part of the: Residential Lease or Month-to-Month Rental Agreement, ("Agreement"), dated *September 20, 2019*, on property known as *18925 Elizondo St, West Covina, CA 91792*

in which *Kenneth S. Cousens, Andrea H. Teale* is referred to as ("Tenant") and *Glenn T. Tomita* is referred to as ("Landlord").

**INFORMATION ABOUT BED BUGS:**

1. Bed Bug Appearance: Bed bugs have six legs. Adult bed bugs have flat bodies about 1/ of an inch in length. Their color can vary from red and brown to copper colored. Young bed bugs are very small. Their bodies are about 1/1 of an inch in length. They have almost no color. When a bed bug feeds, its body swells, may lengthen, and becomes bright red, sometimes making it appear to be a different insect. Bed bugs do not fly. They can either crawl or be carried from place to place on objects, people, or animals. Bed bugs can be hard to find and identify because they are tiny and try to stay hidden.
2. Life Cycle and Reproduction: An average bed bug lives for about 10 months. Female bed bugs lay one to five eggs per day. Bed bugs grow to full adulthood in about 21 days.
3. Bed bugs can survive for months without feeding.
4. Bed Bug Bites: Because bed bugs usually feed at night, most people are bitten in their sleep and do not realize they were bitten. A person's reaction to insect bites is an immune response and so varies from person to person. Sometimes the red welts caused by the bites will not be noticed until many days after a person was bitten, if at all.
5. Common signs and symptoms of a possible bed bug infestation:
   - Small red to reddish brown fecal spots on mattresses, box springs, bed frames, mattresses, linens, upholstery, or walls.
   - Molted bed bug skins, white, sticky eggs, or empty eggshells.
   - ery heavily infested areas may have a characteristically sweet odor.
   - Red, itchy bite marks, especially on the legs, arms, and other body parts exposed while sleeping. owever, some people do not show bed bug lesions on their bodies even though bed bugs may have fed on them.
6. For more information, see the Internet Web sites of the nited States Environmental Protection Agency and the National Pest Management Association.
7. Tenant shall report suspected infestations by bed bugs to the Landlord or Property Manager at the mailing, or email address or phone number provided in the Agreement and cooperate with any inspection for and treatment of bed bugs.
8. Landlord will notify tenants of any units inspected by a pest control operator of the findings by such an operator within 2 business days of the receipt of the findings. All Tenants will be notified of confirmed infestations within common areas.

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date 9/24/2019 (handwritten)
Tenant [signature] Kenneth S. Cousens
Tenant [signature] Andrea H. Teale

Date 9/24/2019
Landlord DocuSigned by: [signature] Glenn T. Tomita F4567764856B46A...
Landlord

© 2017, California Association of REALTORS®, Inc. nited States copyright law (Title 17 .S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
T IS FORM AS BEEN APPRO ED BY T E CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO T E LE AL ALIDITY OR ACC RACY OF ANY PRO ISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BRO ER IS T E PERSON ALIFIED TO AD ISE ON REAL ESTATE TRANSACTIONS. IF YO DESIRE LE AL OR TA AD ICE, CONS LT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE B SINESS SER ICES, INC.
*a subsidiary of the California Association of REALTORS®*
525 South irgil Avenue, Los Angeles, California 90020

RE/MAX Masters Realty, 1050 Bonita Avenue La Verne CA 91750 Phone: 9094477818 Fax: 9099185031 18925 Elizondo St,
Jenny Xu Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 802 www.zipLogix.com

DocuSign Envelope ID: 6B57BEA9-CC4D-41F3-85FE-BF6117E9EBC5

CALIFORNIA
ASSOCIATION
OF REALTORS®

# TENANT FLOOD HAZARD DISCLOSURE

(C.A.R. Form TFHD, 6/18)

The following terms and conditions are hereby incorporated in and made a part of the: Residential Lease or Month-to-Month Rental Agreement, ("Agreement"), ☐ Residential Lease After Sale, ☐ Other ____________, dated *September 20, 2019*, on property known as *18925 Elizondo St, West Covina, CA 91792*, in which *Kenneth S. Cousens, Andrea H. Teale* is referred to as ("Tenant") and *Glenn T. Tomita* is referred to as ("Landlord").

**INFORMATION ABOUT FLOOD HAZARDS: Tenant is informed of the following:**

1. ☐ The Property is located in a special flood hazard area or an area of potential flooding.
   Property is deemed to be in a special flood hazard area or area of potentially flooding if any of the following scenarios apply:
   A. The owner has actual knowledge of that fact.
   B. The owner has received written notice from any public agency stating that the Property is located in a special flood hazard area or an area of potential flooding.
   C. The Property is located in an area in which the owner's mortgage holder requires the owner to carry flood insurance.
   D. The owner currently carries flood insurance.
2. The tenant may obtain information about hazards, including flood hazards, that may affect the Property from the Internet Web site of the Office of Emergency Services, My azards Tool (http://myhazards.caloes.ca.gov).
3. The owner's Insurance does not cover the loss of the tenant's personal possessions and it is recommended that the tenant consider purchasing renter's insurance and flood insurance to insure his or her possessions from loss due to fire, flood, or other risk of loss.
4. The owner is not required to provide additional information concerning the flood hazards to the Property and that the information provided pursuant to this section (California overnment Code section 8589. 5) is deemed to inform the tenant.

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date 9/24/2019
Tenant [signature]
Kenneth S. Cousens
Tenant [signature]
Andrea H. Teale

Date 9/24/2019
DocuSigned by:
Landlord [signature]
Glenn T. Tomita F4587764856B46A...
Landlord ____________

© 2018, California Association of REALTORS®, Inc. nited States copyright law (Title 17 .S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
T IS FORM AS BEEN APPRO ED BY T E CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO T E LE AL ALIDITY OR ACC RACY OF ANY PRO ISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BRO ER IS T E PERSON ALIFIED TO AD ISE ON REAL ESTATE TRANSACTIONS. IF YO DESIRE LE AL OR TA AD ICE, CONS LT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE B SINESS SER ICES, INC.
*a subsidiary of the California Association of REALTORS®*
525 South irgil Avenue, Los Angeles, California 90020

RE/MAX Masters Realty, 1836 Bonita Avenue La Verne CA 91750 Phone: 9094477818 Fax: 9099185031 18925 Elizondo St,
Jenny Xu Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 802 www.zipLogix.com

DocuSign Envelope ID: 6B57BEA9-CC4D-41F3-85FE-BF6117E9EBC5

CALIFORNIA ASSOCIATION OF REALTORS®

# ADDENDUM

(C.A.R. Form ADM, Revised 12/15)

No. *1*

The following terms and conditions are hereby incorporated in and made a part of the: ☐ Purchase Agreement, ☒ Residential Lease or Month-to-Month Rental Agreement, ☐ Transfer Disclosure Statement (Note: An amendment to the TDS may give the Buyer a right to rescind), ☐ Other ______

dated *September 20, 2019*, on property known as *18925 Elizondo St West Covina, CA 91792*

in which *Kenneth S. Cousens, Andrea H. Teale* is referred to as ("Buyer/Tenant")

and *Glenn T. Tomita* is referred to as ("Seller/Landlord").

*1) Tenant is required to hire a professional cleaning company to clean the entire house including all the windows, garage and remove all the trash after moving out and professionally paint the house back to its original color (see Addendum #2). Otherwise, Tenant aware and agrees the fees will be deducted from the security deposit.*

*2) Tenant agrees to maintain the refrigerator, washer and dryer good/ clean/ working condition.*

*3) Tenant shall provide access to the gardener for weekly maintenance service as per scheduled.*

*4) Tenant is responsible to make sure the lawn is in green condition and sprinklers on timer.*

*5) Tenant is not allowed to change or modify the premises without Landlord written approval.*

*6) Tenant shall notify Landlord immediately upon learning of any defective condition in or about the premises that may require repairs or maintenance. Tenant shall not make any repairs on the premises without first notify Landlord and allow a reasonable time for Landlord to arrange for the repairs to be made.*

*7) Tenant is responsible for the cost of repairs caused by any misuse of the premises or to repair any physical damage caused by Tenant or the invitees.*

*8) Tenant aware and agrees that the rent will be directly deposited to Landlord's account on the 1st day of each month. Tenant aware that a late fee total of $270 will be charged if the rent is not received by the 5th day of each month.*

*9) Tenant to obtain a renter's insurance policy with liability coverage of $100,000 for the entire lease period.*

*10) Tenant agrees Landlord shall conduct a walk through with Tenant 3 days prior to the renewal of lease (if necessary).*

*11) In the event, Tenant breaches the contract, Landlord has the right to terminate the lease without any further notice or signature from the tenant, Tenant also aware and agrees that the entire deposit will be forfeited to pay for all the damage or any legal fee may cost.*

*12) Tenant is aware that Landlord and Listing agent are related.*

**13) All parties aware that Kenneth Cousens and Andrea Teale are already in the possession.*

**14) Tenant aware that the security deposit ($2,700) was rolled over from the previous tenant (see Addendum #2).*

**15) Tenant aware and agrees Landlord will be putting the house on the market for lease in the beginning of March 2020, and Tenant will cooperate all the showings with 24-hr notice.*

**16) Tenant aware there is a home warranty plan on this property. Tenant to contact the warranty company directly for any repair may needed. The $75 service fee shall be deducted from the rent. Fidelity National Home Warranty (Contract #U68634) Tel: 1-800-308-1420*

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date 9/24/2019 (handwritten)

Buyer/Tenant [signature] Kenneth S. Cousens

Buyer/Tenant [signature] Andrea H. Teale

Date 9/24/2019

Seller/Landlord [signature] Glenn T. Tomita — DocuSigned by: F4567764858B46A...

Seller/Landlord ______

© 1986-2015, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

RE/MAX Masters Realty, 1250 Bonita Avenue La Verne CA 91750 Phone: 9094477818 Fax: 9099185031 18925 Elizondo St.
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

DocuSign Envelope ID: ABF9FF8C-5051-4616-81AB-F436A4486CE9

renew lease on 4/1

CALIFORNIA ASSOCIATION OF REALTORS®

## EXTENSION OF LEASE
(C.A.R. Form EL 11/11)

The following terms and conditions are hereby incorporated in and made a part of the Residential Lease ☐ other ______ ("Lease"), dated *September 20, 2019*, on property known as *18925 Elizondo St West Covina, CA 91792* ("Premises"), in which *Kenneth Cousens, Andrea Teale* is referred to as ("Tenant") and *Glenn T. Tomita* is referred to as ("Landlord").

The terms of the tenancy are changed as follows. Unless otherwise provided, the change shall take effect on the date the Lease was scheduled to terminate.

1. **EXTENSION OF TERM:** The scheduled termination date is extended to *August 31, 2020* (Date).
2. **Rent shall be $ *2,850.00* per month.**
3. **Security deposit shall be increased by $ ______ .**
4. **ADDITIONAL TERMS:** *Tenant agrees to pay the rent in advance for the entire 5-month lease period (from April 1st to August 31st 2020). The total amount $14,250. All other terms and conditions shall remain the same.*

**By signing below, Tenant and Landlord acknowledge that each has read, understands, and received a copy of and agrees to the terms of this Extension of Lease.**

Tenant — DocuSigned by: Kenneth Cousens — Kenneth Cousens — Date 3/15/2020

Tenant — DocuSigned by: Andrea Teale — Andrea Teale F2C2578188F2483... — Date 3/15/2020

Landlord — DocuSigned by: Glenn Tomita — Glenn T. Tomita — Date 3/16/2020

Landlord ______ Date ______

© 2011, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

RE/MAX Masters Realty, 1030 Bonita Avenue La Verne CA 91750 Phone: 9094477815 Fax: 9099185031 18925 Elizondo St.
Jenny Xu Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com

**EXHIBIT 2**

CALIFORNIA ASSOCIATION OF REALTORS®

# NOTICE TO PAY RENT OR QUIT

**USE FOR NOTICES SERVED PRIOR TO JULY 1, 2022.**

**THIS FORM IS FOR RESIDENTIAL RENT DUE BETWEEN MARCH 31, 2022, AND JUNE 30, 2022, WHERE THE TENANT IS A NATURAL PERSON; OR FOR RENT DUE FOR ALL OTHER RESIDENTIAL OR COMMERCIAL TENANCIES, REGARDLESS OF TIME PERIOD.**

**(C.A.R. Form PRQ, Revised 5/22)**

To: *Kenneth Scott Cousens, Andrea Helen Teale* ("Tenant") and any other occupant(s) in possession of the premises located at: *18925 Elizondo St* (Street Address) ______ (Unit/Apartment #) *West Covina* (City) *CA* (State) *91792* (Zip Code) ("Premises").
Other notice address if different from Premises above: *same as above*

1. **Notice to the above-named person(s) and any other occupants of the above-referenced Premises:** WITHIN **3 DAYS**, excluding Saturdays, Sundays, and other judicial holidays, from service of this Notice you are required to **(i)** Pay rent, which is past due (see **paragraph 2**), OR **(ii)** Vacate the Premises and surrender possession.
2. **Rent Due and Payment:** (Do not include any amount which was due more than one year prior to the date of service of this form without first speaking to legal counsel).
   **A.** The total amount of rent which is PAST DUE is specified below.
   **B.** $ *2,850.00* for the period *May 1, 2022* to *May 31, 2022*
   $ *2,850.00* for the period *June 1, 2022* to *June 30, 2022*
   $ ______ for the period ______ to ______
   $ *5,700.00*: Total unpaid rent due.
   **C.** If applicable, check, money order, draft or instrument, shall be **made payable** to: *Glenn Tomita*
   **D.** Rent shall be **delivered** to: *Jenny Xu* (specific individual) whose phone number is *(626)674-7368*, at *1030 Bonita Ave La Verne Ca 91750* (Address)
   **E.** ☐ Rent may be delivered in person between the hours of ______ on the following days: ______
3. **Failure to pay or surrender possession:** If you do not pay the past due amount or give up possession by the required time, a legal action will be filed seeking not only damages and possession, but also a statutory damage penalty of up to $600.00 (California Code of Civil Procedure § 1174). Landlord declares a forfeiture of the lease if past due rent is not paid, and you continue to occupy the Premises. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to pay your rent.

Landlord [signature] Date *6/27/22*
(Owner or Agent) *Glenn T. Tomita*

Landlord ______ Date ______
(Owner or Agent)

Address ______ City ______ State ____ Zip ______
Telephone ______ Fax ______ E-mail ______

4. **DELIVERY OF NOTICE/PROOF OF SERVICE:**
   This Notice was served by *Glenn Tomita*, on *June 27, 2022* (date)
   In the following manner: (if mailed, a copy was mailed at *Claremont post office* (Location))
   Emailing a notice does not satisfy the requirements of Code of Civil Procedure §§ 1162(a) or 1162(b).

   **To comply with state law, service attempts must be done in the following order: A, then B, then C.**
   **A.** ☐ **Personal service.** A copy of the Notice was personally delivered to the above named Tenant.
   **B. NOTE: SUBSTITUTED SERVICE MAY BE USED IF THE TENANT IS ABSENT FROM THE TENANT'S RESIDENCE OR USUAL PLACE OF BUSINESS.**
   ☐ **Substituted service**. A copy of the Notice was left with a person of suitable age and discretion at the Tenant's residence or usual place of business and a copy was mailed to the Tenant at the Premises.
   **C. NOTE: POSTING AND MAILING OF THE NOTICE MAY BE USED ONLY IF THE TENANT'S RESIDENCE OR USUAL PLACE OF BUSINESS CANNOT BE ASCERTAINED OR IF KNOWN THEN ONLY IF NO PERSON OF SUITABLE AGE AND DISCRETION CAN BE FOUND AT THOSE LOCATIONS.**
   ☒ **Post and mail.** A copy of the Notice was affixed to a conspicuous place on the Premises and a copy was mailed to the Tenant at the Premises.

© 2022, California Association of REALTORS®, Inc.

RE/MAX Masters Realty, 1030 Bonita Avenue La Verne CA 91750 Phone: 9094477818 Fax: 9099155031 18925 Elizondo St.
Jenny Xu Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

______________________________ (Signature of person serving Notice) 6/27/22 (Date)

*Glenn Tomita*
(Print Name)

(Keep a copy for your records.)

© 2022, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the *CALIFORNIA ASSOCIATION OF REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com 18925 Elizondo St.

**EXHIBIT 3**

CALIFORNIA ASSOCIATION OF REALTORS®

# NOTICE TO PAY RENT OR QUIT

**USE FOR NOTICES SERVED PRIOR TO JULY 1, 2022.**

**THIS FORM IS FOR RESIDENTIAL RENT DUE BETWEEN MARCH 31, 2022, AND JUNE 30, 2022, WHERE THE TENANT IS A NATURAL PERSON; OR FOR RENT DUE FOR ALL OTHER RESIDENTIAL OR COMMERCIAL TENANCIES, REGARDLESS OF TIME PERIOD.**

**(C.A.R. Form PRQ, Revised 5/22)**

To: *Kenneth Scott Cousens, Andrea Helen Teale* ("Tenant") and any other occupant(s) in possession of the premises located at: *18925 Elizondo St* (Street Address) ______ (Unit/Apartment #) *West Covina* (City) *CA* (State) *91792* (Zip Code) ("Premises").
Other notice address if different from Premises above: *same as above*

1. **Notice to the above-named person(s) and any other occupants of the above-referenced Premises:** WITHIN **3 DAYS**, excluding Saturdays, Sundays, and other judicial holidays, from service of this Notice you are required to (i) Pay rent, which is past due (see **paragraph 2**), OR **(ii)** Vacate the Premises and surrender possession.
2. **Rent Due and Payment:** (Do not include any amount which was due more than one year prior to the date of service of this form without first speaking to legal counsel).
   A. The total amount of rent which is PAST DUE is specified below.
   B. $ *2,850.00* for the period *May 1, 2022* to *May 31, 2022*
   $ *2,850.00* for the period *June 1, 2022* to *June 30, 2022*
   $ ______ for the period ______ to ______
   $ *5,700.00*: Total unpaid rent due.
   C. If applicable, check, money order, draft or instrument, shall be **made payable** to: *Glenn Tomita*
   D. Rent shall be **delivered** to: *Jenny Xu* (specific individual) whose phone number is *(626)674-7368*, at *1030 Bonita Ave La Verne Ca 91750* (Address)
   E. ☐ Rent may be delivered in person between the hours of ______ on the following days: ______
3. **Failure to pay or surrender possession:** If you do not pay the past due amount or give up possession by the required time, a legal action will be filed seeking not only damages and possession, but also a statutory damage penalty of up to $600.00 (California Code of Civil Procedure § 1174). Landlord declares a forfeiture of the lease if past due rent is not paid, and you continue to occupy the Premises. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to pay your rent.

Landlord [signature] Date 6/27/22
(Owner or Agent) *Glenn T. Tomita*

Landlord ______ Date ______
(Owner or Agent)

Address ______ City ______ State ____ Zip ______
Telephone ______ Fax ______ E-mail ______

4. **DELIVERY OF NOTICE/PROOF OF SERVICE:**
This Notice was served by *Glenn Tomita*, on *June 27, 2022* (date)
In the following manner: (if mailed, a copy was mailed at *Claremont post office* (Location))
Emailing a notice does not satisfy the requirements of Code of Civil Procedure §§ 1162(a) or 1162(b).

**To comply with state law, service attempts must be done in the following order: A, then B, then C.**

A. ☐ **Personal service.** A copy of the Notice was personally delivered to the above named Tenant.
B. **NOTE: SUBSTITUTED SERVICE MAY BE USED IF THE TENANT IS ABSENT FROM THE TENANT'S RESIDENCE OR USUAL PLACE OF BUSINESS.**
☐ **Substituted service.** A copy of the Notice was left with a person of suitable age and discretion at the Tenant's residence or usual place of business and a copy was mailed to the Tenant at the Premises.
C. **NOTE: POSTING AND MAILING OF THE NOTICE MAY BE USED ONLY IF THE TENANT'S RESIDENCE OR USUAL PLACE OF BUSINESS CANNOT BE ASCERTAINED OR IF KNOWN THEN ONLY IF NO PERSON OF SUITABLE AGE AND DISCRETION CAN BE FOUND AT THOSE LOCATIONS.**
☒ **Post and mail.** A copy of the Notice was affixed to a conspicuous place on the Premises and a copy was mailed to the Tenant at the Premises.

© 2022, California Association of REALTORS®, Inc.

RE/MAX Masters Realty, 1030 Bonita Avenue La Verne CA 91750 Phone 9094477818 Fax 9099185031 18925 Elizondo St.
Jenny Xu Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

(Signature of person serving Notice) (Date) 6/27/22

*Glenn Tomita*
(Print Name)

(Keep a copy for your records.)

© 2022, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
*a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com 18925 Elizondo St,

Electronically FILED by Superior Court of California, County of Los Angeles on 07/08/2022 12:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Quach, Deputy Clerk

UD-101

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 115937
NAME: James E. Klinkert
FIRM NAME: Klinkert, Gutierrez & Neavel
STREET ADDRESS: 1407 N. Batavia Street, Suite 202
CITY: Orange STATE: CA ZIP CODE: 92867
TELEPHONE NO.: 909-390-9999 FAX NO.: 909-390-9990
EMAIL ADDRESS: jklinkert@rkmattorneys.com
ATTORNEY FOR *(name)*: Plaintiff Glenn T. Tomita

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1427 West Covina Parkway
MAILING ADDRESS: 1427 West Covina Parkway
CITY AND ZIP CODE: West Covina, CA 91790
BRANCH NAME: West Covina Courthouse

PLAINTIFF: GLENN T. TOMITA
DEFENDANT: KENNETH SCOTT COUSENS, ANDREA HELEN TEALE

**PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**

CASE NUMBER: 22WCUD01328

*All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).*

- *Serve this form and any attachments to it with the summons.*
- *If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.*
- *If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.*

*To obtain a summons in an unlawful detainer action for nonpayment of rent due between March 1, 2020, and March 31, 2022, on a residential property, a plaintiff must verify that they applied for governmental rental assistance that was not granted, that no application for governmental rental assistance is pending, or that the tenancy began after September 30, 2021. (See item 3.)*

*To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use* Verification by Landlord Regarding Rental Assistance—Unlawful Detainer *(form UD-120) to make this verification and provide other information required by statute.*

1. PLAINTIFF *(name each)*:
GLENN T. TOMITA

alleges causes of action in the complaint filed in this action against DEFENDANT *(name each)*:
KENNETH SCOTT COUSENS and ANDREA HELEN TEALE

2. **Statutory cover sheet allegations** (Code Civ. Proc., § 1179.01.5(c))
   a. This action seeks possession of real property that is *(check all that apply)*: [X] Residential [ ] Commercial
   *(If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 5; a summons may be issued.)*
   b. This action is based, in whole or in part, on an alleged default in payment of rent or other charges. [X] Yes [ ] No

3. **Verifications required for issuance of summons—residential** (Code Civ. Proc., § 1179.11(a))
   a. Is this action based, in whole or in part, on a defendant's nonpayment of rent or other financial obligation during the period between March 1, 2020, and March 31, 2022? [ ] Yes [X] No
   *(If no is checked, no further items need to be completed except the signature and verification on page 5, and item 12 if the action is based in whole or in part on nonpayment of rent during some other time frame; a summons may be issued.)*
   b. Is this action on a tenancy that was initially established before October 1, 2021? [ ] Yes [ ] No
   *(If no is checked, the further items that need to be completed are the signature and verification on page 5, and items 10 or 11, and 12 if the action is based in whole or in part on nonpayment of rent; a summons may be issued. (See Code Civ. Proc., § 1179.09(h) to learn more about what "initially established" means.)*

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
UD-101 [Rev. April 14, 2022]

PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER

Code of Civil Procedure, § 1179.01 et seq.
www.courts.ca.gov

UD-101

| PLAINTIFF: GLENN T. TOMITA | CASE NUMBER: |
|---|---|
| DEFENDANT: KENNETH SCOTT COUSENS, ANDREA HELEN TEALE | |

3. c. *If you answered yes to questions 3a and 3b above, check and complete (1), (2), or (3) below, or a summons may not be issued.*

(1) ☐ There is no determination pending on an application filed before April 1, 2022, for governmental rental assistance to cover any part of the rental debt demanded from the defendant in this action.

(2) ☐ Before filing the complaint in this action, plaintiff applied for governmental rental assistance to cover the rent or other financial obligations demanded in this action, but the application was denied **and** a copy of a final decision denying the assistance is attached.

*Note that a "final decision" does not include rejection based on plaintiff not completing the application or doing so correctly, notification that the application is pending further action, or notification that plaintiff or defendants applied to the wrong government agency. (Code Civ. Proc., § 1179.09(d).)*

(3) ☐ Before filing the complaint in this action, plaintiff completed an application for governmental rental assistance to cover the rent or other financial obligations demanded in this action, including all the required contact information and documentation, **and all** of the following are true:

(a) At least 20 days have passed since the **later** of either (*check one*):

☐ The date the plaintiff submitted the completed application, or

☐ The date the plaintiff served the three-day notice underlying the complaint.

**and**

(b) Plaintiff has not received any notice from the governmental agency to which defendant has applied for governmental rental assistance to cover the rent or other financial obligations demanded from the defendant in this action.

**and**

(c) Plaintiff has not received a communication from the defendant that defendant has applied for governmental rental assistance to cover the rent or other financial obligations demanded from the defendant in this action.

4. **Tenants subject to COVID-19 Tenant Relief Act** (Code Civ. Proc., § 1179.02(h))

a. (1) One or more defendants in this action is a natural person: ☐ Yes ☐ No

(2) Identify any defendant not a natural person:

*(If no is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

b. (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b): ☐ Yes ☐ No

(2) Identify any defendant who does not:

*(If yes is checked, then no further items need to be completed except the signature and verification, and item 12 if the action is based on nonpayment of rent.)*

5. ☐ **Unlawful detainer notice expired before March 1, 2020**

The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. *(If this is the only basis for the action, no further items need to be completed except the signature and verification on page 5. (Code Civ. Proc., § 1179.03.5(a)(1).))*

6. ☐ **Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**

The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. *(Check all that apply.)*

a. ☐ Defendant *(name each):*

was provided all the required versions of the "Notice from the State of California" required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

b. ☐ Defendant *(name each):*

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).

*(If the notice identified defendant as a **high-income tenant** and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

*(If filing form UD-100 with this form and item 6b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

| PLAINTIFF: GLENN T. TOMITA<br>DEFENDANT: KENNETH SCOTT COUSENS, ANDREA HELEN TEALE | CASE NUMBER |
|---|---|

6. c. Response to notice *(check all that apply)*:
   (1) ☐ Defendant *(name each)*:

   delivered a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

   (2) ☐ Defendant *(name each)*:

   did *not* deliver a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

7. ☐ **Rent or other financial obligations due between September 1, 2020, and September 30, 2021 (the transition time period)** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period.

   a. ☐ Defendant *(name each)*:

   was provided all the required versions of the "Notice from the State of California" as required by Code of Civil Procedure section 1179.04. *(Provide information regarding service of the notice or notices in item 8 below.)*

   b. ☐ Defendant *(name each)*:

   was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d).

   *(If the notice identified defendant as a* ***high-income tenant*** *and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

   *(If filing form UD-100 with this form and item 7b is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

   c. Response to notice *(check all that apply)*:
   (1) ☐ Defendant *(name each)*:

   delivered a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

   (2) ☐ Defendant *(name each)*:

   did *not* deliver a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).))

   d. ☐ Rent or other financial obligations due:
   (1) Rent or other financial obligations in the amount of $ was due between September 1, 2020, and September 30, 2021.
   (2) Payment of $ for that period was received by September 30, 2021.

8. **Service of Code of Civil Procedure Section 1179.04 Notice from the State of California** *(You must complete this item if you checked item 6 or 7 above. Section 1179.04 provides three separate versions of a "Notice from the State of California" that the landlord was to provide to tenants at different times during the pandemic (the notices referenced in items 6a and 7a above). This item addresses when and how those notices were provided.)*

   a. **September 2020 Notice.** Plaintiff provided the required notice for tenants who, as of September 1, 2020, had any unpaid rent or other financial obligations due any time between March 1, 2020, and August 31, 2020 (Code Civ. Proc., § 1179.04(a)), to defendants identified in 6a or as follows:
   (1) ☐ By sending a copy by mail addressed to each named defendant on *(date)*:
   (2) ☐ By personally handing a copy to each named defendant on *(date)*:

| PLAINTIFF: GLENN T. TOMITA<br>DEFENDANT: KENNETH SCOTT COUSENS, ANDREA HELEN TEALE | CASE NUMBER |
|---|---|

8. a. (3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8a.)*

(4) ☐ In different ways for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8a.)*

(5) ☐ Plaintiff was not required to serve the September 2020 notice on the named defendants.

b. **February 2021 Notice.** Plaintiff provided the required notice for tenants who as of February 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(b)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*

(2) ☐ By personally handing a copy to each named defendant on *(date):*

(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8b.)*

(4) ☐ In different ways for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8b.)*

(5) ☐ Plaintiff was not required to serve the February 2021 notice on the named defendants.

c. **July 2021 Notice.** Plaintiff provided the required notice for tenants who as of July 1, 2021, had unpaid rent or other financial obligations due any time after March 1, 2020, (Code Civ. Proc., § 1179.04(c)) to defendants identified in 6a and 7a as follows:

(1) ☐ By sending a copy by mail addressed to each named defendant on *(date):*

(2) ☐ By personally handing a copy to each named defendant on *(date):*

(3) ☐ By some other method of service described in Code of Civil Procedure section 1162. *(If this box is checked, describe the method and date of service on an attached page (you can use form MC-025) and title it Attachment 8c.)*

(4) ☐ In different ways for different defendants. *(If this box is checked, describe the method and date of service for each defendant on an attached page (you can use form MC-025) and title it Attachment 8c.)*

(5) ☐ Plaintiff was not required to serve the July 2021 notice on the named defendants.

9. ☐ **High-income tenant.** The 15-day notice in item 6b or 7b above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

a. ☐ The tenant did not deliver a declaration of COVID-19–related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

b. ☐ The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

10. ☐ **Rent or other financial obligations due between October 1, 2021, and March 31, 2022 (recovery period rental debt).** The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the recovery period. *(Check a or b.)*

a. ☐ Defendant *(name each):*

was served with at least 3 days' notice to pay rent or other financial obligations or quit, in a notice that included the information about the government rental assistance program and possible protections, as required by Code of Civil Procedure section 1179.10.

*(If filing form UD-100 with this form and this item is checked, specify this notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

b. ☐ The tenancy was not initially established before October 1, 2021, and the special notice to quit required by Code of Civil Procedure section 1179.10 does not apply in this action.

UD-101

| PLAINTIFF: GLENN T. TOMITA<br>DEFENDANT: KENNETH SCOTT COUSENS, ANDREA HELEN TEALE | CASE NUMBER: |
|---|---|

11. ☐ **Rent or other financial obligations due after March 31, 2022.** (*Only applicable if action is filed on or after April 1, 2022.*) The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after March 31, 2022.

12. ☒ **Statements regarding rental assistance** (*Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file* Verification Regarding Rental Assistance—Unlawful Detainer *(form UD-120).*)

a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes ☒ No

b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint? ☐ Yes ☒ No

c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint? ☐ Yes ☒ No

d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint? ☐ Yes ☒ No

13. ☐ **Other allegations** Plaintiff makes the following additional allegations: (*State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c), etc. If there is not enough space below, check the box below and use form MC-025, title it Attachment 13, and letter each allegation in order.*) ☐ Other allegations are on form MC-025

14. ☒ Number of pages attached (*specify*): N/A

Date: July 6, 2022

James E. Klinkert
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

VERIFICATION

(*Use a different verification form if the verification is by an attorney or for a corporation or partnership.*)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 6, 2022

Glenn T. Tomita
(TYPE OR PRINT NAME)

(SIGNATURE)

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

**FILED**
Superior Court of California
County of Los Angeles

APR 15 2022

2022-SJ-011-00

Sherri R. Carter, Executive Officer/Clerk
By __________, Deputy
Anoush Mchitarian

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

In re Los Angeles Superior Court Cases Fourth Amended Standing Order – Limited Jurisdiction Unlawful Detainer (Eviction) Cases Assigned to Designated District Hub Locations

Antelope Valley – North
Chatsworth - North Valley
Compton - South Central
Inglewood - Southwest
Long Beach - South
Norwalk - Southeast
Pasadena - Northeast
Santa Monica - West
Van Nuys - Northwest
West Covina - East

**FOURTH AMENDED STANDING ORDER**

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure [CCP], the California Rules of Court [CRC], and the Los Angeles County Court Rules [LASC Rules], the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE THIRD AMENDED STANDING ORDER FILED MARCH 5, 2018, AND ORDERS AS FOLLOWS:

**SERVICE OF THIS ORDER**

1. Each Plaintiff is ordered to serve a copy of this Standing Order on each defendant along with copies of the summons and complaint, and to file proof of this service as mandated in this order.

**EARLY SETTLEMENT MEETING & MEDIATION OPPORTUNITIES**

2. Each plaintiff is ordered to contact each defendant within 10 days of service to discuss in good faith either potential informal resolution of the case and or if settlement is not possible how instead to prepare for trial. Such contact shall be made orally or in writing with the objective of having the case

resolved within 60 days of its filing. It is the Court's intent that, where possible, every effort should be made to keep settled cases from becoming public as provided in CCP §§ 1161.2(a)(1)(F) and (a)(1)(G). If the parties agree, the Court will retain jurisdiction to enforce any settlement after dismissal. [CCP §664.6]

**SERVICE BY POSTING AND MAILING**

3. Service of the summons and complaint on a named party by posting and mailing may only be done after an order is obtained, based upon an affidavit of due diligence. [CCP§415.45(a)] Such an order will not extend to unnamed or unknown occupants.

**ADDRESSES AND TELEPHONE NUMBER**

4. Absent good cause, each party must have an address and telephone number listed on each document filed with the Court. [CRC rules, 2.111 and 2.118]

**LAW AND MOTION**

5. All regularly noticed motions and demurrers will be heard on the court days at the time and location in the courtroom designated in Paragraph 19. Hearing dates must be reserved by calling the calendar clerk in the department the case is assigned or obtaining a date at the time the motion is filed. All motions, oppositions to the motions, and reply papers must be electronically filed unless a party is a self-represented litigant or otherwise exempt from mandatory electronic filing requirements. All motions should be filed in the rooms designated in Paragraph 19 with respect to each Unlawful Detainer Hub location.

6. If not served by personal delivery, the moving party must comply with the time extensions for notice required by CCP §1013. The motion will not be heard otherwise.

7. Absent good cause, motions set on five (5) days' notice should not be personally served on the last day of the week preceding the hearing. [LASC Rule 3.26 and Appendix 3.A(b)(1-4)]

8. A separate statement of undisputed or disputed facts is not required for summary judgment motions. [CCP §§ 437c(s) and 1170.7; CRC rules 3.1350(c) and 3.1351] However, in cases with multiple parties, complicated evidentiary issues, or intricate legal issues, the court may continue the hearing and order the parties to file such statements.

///

**EX PARTE APPLICATIONS**

9.     Ex parte applications will be heard on the dates, times and at the location in the courtroom designated in Paragraph 19. **Unless a party is self-represented or otherwise exempt from electronic filing, all ex parte applications and supporting papers must be electronically filed by 10:00 a.m. the day before the ex parte hearing.  If a party is exempt from electronic filings,** any application must be filed no later than 8:30 a.m. on the day of the hearing for ex parte hearings scheduled at 8:30 a.m. in the room listed for the UD Hub in Paragraph 19. All applications must be filed no later than 11:00 a.m. on the day of the hearing in the room listed for the UD Hub in Paragraph 19 for ex parte hearings scheduled at 1:30 p.m. **Ex parte applications shall have a separate application, a separate declaration of ex parte notice, and a proposed order.** Absent good cause, notice must be given by 10:00 a.m. the day before the hearing as required by CRC rule 3.1204(c).

**JURY TRIAL DEMANDS AND FEES**

10.     The right to a jury trial may be deemed waived unless it is timely requested. [CCP §631 (f)(4)] If one or more of the parties have demanded a jury trial, jury fees shall be deposited no later than five days before trial. [CCP §631 (b) and (c)(1)] Failure to pay the required fee as required by law may result in a waiver of jury trial. [CCP §631 (f)(5)] Jury demands should be filed separately from all other pleadings.

11.     With a timely-filed qualifying fee waiver, the court may waive jury fees and expenses for those parties. Parties must complete and submit an official *Request to Waive Court* and *Order on Court Fee Waiver (Superior Court)* [Judicial Council Forms FW-001 and FW-003] for consideration to receive these services at no charge.

**STIPULATIONS TO CONTINUE TRIAL**

12.     A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to the postponement. Such stipulated trial continuance will not be limited to 30 days. Stipulations to continue trial must be filed five (5) days in advance or an appearance by at least one party will be necessary to continue the trial.

**INTERPRETERS AND COURT REPORTERS**

13.     The Court will provide an interpreter for parties and witnesses at no charge.

14.    Proceedings in court will not be transcribed by a court reporter unless supplied by a party to the action as permitted by LASC Rule 2.21. Proceedings are recorded electronically. **Copies of the recordings may be obtained and used by the parties as permitted by LASC Rule 9.2(a)(5).**

**JURY TRIALS AND COURT TRIALS**

15.    Parties to an unlawful detainer action should have conducted the early meeting required in Paragraph 2 above and should be ready to go to trial on the day of trial. Trial readiness—within the meaning of this Standing Order—includes both having conducted the early meeting and having the ability to begin trying a case forthwith or as directed by the court. Accordingly, parties who appear on the day of trial and are not ready to try their case, or parties who announce "trial-ready" but are not prepared to immediately try a case, are not acting in compliance with this Standing Order, regardless of whether the parties' attorneys are appearing on behalf of other litigants in different actions on the same day. Misrepresentations of a case's trial readiness on the day of trial is a violation of this Standing Order and may subject the offending party to the imposition of monetary sanctions.

16.    On the day of trial, parties shall have a three-ring binder with a table of contents containing conformed copies of each of the following (each signed by attorneys and self-represented litigants) behind a separate tab:

    a) Copies of the Current Operative Pleadings (including operative complaint and answer;

    b) Joint Statement of the Case (if a jury trial);

    c) Motions in Limine, if any, which must be drafted in accordance with LASC Rule 3.57 and served and filed;

    d) Joint Witness List disclosing the witnesses who will be called, what they will testify to, whether an interpreter is needed, and how long their testimony will take;

    e) Joint Exhibits in exhibit books, numbered appropriately, and a Joint Exhibit List; [LASC Rules 3.52 and 3.53]

    f) Edited Joint Proposed Jury Instructions printed out for the court (if a jury trial); and

    g) Edited Joint Proposed Verdict Form(s) printed out for the court (if a jury trial).

To assist the parties, an optional *Compliance with Standing Order for Limited Jurisdiction Unlawful Detainer [Eviction] Jury Trial Readiness* form (LACIV 244) is available on the Court's website, at:

www.lacourt.org/forms/unlawfuldetainer

17.    If a party fails or refuses to meet and confer, the other party or parties shall prepare and bring to trial the above listed documents labeled as "[Proposed] Joint Documents."

18.    Failure to provide any of the aforementioned documents in this Standing Order on the trial date may cause a delay in the case being assigned to a trial court. Failure to comply with any provision of this Standing Order without substantial justification may result in monetary sanctions.

**FILING LOCATIONS AND HEARING TIMES**

19. Filing locations and general information for each District Hub location are set forth below:

- **ANTELOPE VALLEY COURTHOUSE**

    Trial Department: Department A22

    Law and Motion Heard: Monday and Wednesday at 8:30 a.m.

    Ex Parte Applications Heard: Monday through Friday at 8:30 a.m. Clerk's Office for Filing Documents: 1st Floor, Room 1000

    Clerk's Office for Filing Law and Motion: 1st Floor, Room 1000

- **CHATSWORTH COURTHOUSE**

    Trial Department: Department F44

    Law and Motion Heard: Monday and Wednesday at 8:30 a.m.

    Ex Parte Applications Heard: Monday and Wednesday at 8:30 a.m.

    Clerk's Office for Filing Documents: Room 1200

- **COMPTON COURTHOUSE**

    Trial Department: Department 7

    Law and Motion Heard: Monday and Wednesday at 8:30 a.m.

    Ex Parte Applications Heard: Monday through Friday at 8:30 a.m.

    Clerk's Office for Filing Documents: Room 902

    Clerk's Office for Filing Law and Motion: Room 902

///

///

///

- **INGLEWOOD COURTHOUSE**

Trial Department: Department 1

Law and Motion Heard: Monday through Friday at 1:30 p.m.

Ex Parte Applications Heard: Monday through Friday at 1:30 p.m.

Clerk's Office for Filing Documents: Room 630

Clerk's Office for Filing Law and Motion: Room 630

- **GOVERNOR GEOEGE DEUKEJIAN (LONG BEACH) COURTHOUSE**

Trial Department: Department S13

Law and Motion Heard: Monday and Wednesday at 1:30 p.m.

Ex Parte Applications Heard: Monday through Friday at 8:30 a.m.

Clerk's Office for Filing Documents: Room 1401

Clerk's Office for Filing Law and Motion: Room 1401

- **NORWALK COURTHOUSE**

Trial Department: Department W

Law and Motion Heard: Monday through Friday at 9:30 a.m.

Ex Parte Applications Heard: Monday through Friday at 8:30 a.m.

Clerk's Office for Filing Documents: Room 101

Clerk's Office for Filing Law and Motion: Room 101

- **PASADENA COURTHOUSE**

Trial Department: Department R, 2nd Floor

Law and Motion Heard: Monday through Friday at 1:30 p.m.

Ex Parte Applications Heard: Monday through Friday at 1:30 p.m.

Clerk's Office for Filing Documents: Room 102

Clerk's Office for Filing Law and Motion: Room 102

///

///

///

///

- **SANTA MONICA COURTHOUSE**

  Trial Department: Department S

  Law and Motion Heard: Monday and Wednesdays at 8:30 a.m., 10:00 a.m. or 3:00 p.m.

  Ex Parte Applications Heard: Monday through Friday at 8:30 a.m.

  Clerk's Office for Filing Documents: Room 224

  Clerk's Office for Filing Law and Motion: Room 224

- **VAN NUYS COURTHOUSE**

  Trial Department: Department H

  Law and Motion Heard: Friday at 8:30 a.m. and 10:00 a.m.

  Ex Parte Applications Heard: Monday through Friday at 1:30 p.m.

  Clerk's Office for Filing Documents: Room 107

  Clerk's Office for Filing Law and Motion: Room 107

- **WEST COVINA COURTHOUSE**

  Trial Department: Department 2

  Law and Motion Heard: Monday through Friday at 8:30 a.m.

  Ex Parte Applications Heard: Monday through Friday at 11:00 a.m.

  Clerk's Office for Filing Documents: Room 107

  Clerk's Office for Filing Law and Motion: Room 107

IT IS SO ORDERED.

Date: 4/15/22

Judge David J. Cowan
Supervising Judge, Civil Division

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS<br>West Covina Courthouse<br>1427 West Covina Parkway, West Covina, CA 91790 | FILED<br>Superior Court of California<br>County of Los Angeles<br>07/08/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: K. Quach Deputy |
| PLAINTIFF(S):<br>Glenn T. Tomita | |
| DEFENDANT(S):<br>Andrea Helen Teale et al | |
| NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE | CASE NUMBER:<br>22WCUD01328 |

Case is assigned for all purposes to the judicial officer indicated below. Notice given to Plaintiff / Cross-Complainant / Attorney of Record on 07/08/2022.

| | ASSIGNED JUDGE | DEPARTMENT | ROOM |
|---|---|---|---|
| | Kenneth M. Fuller | 2 | |

Sherri R. Carter, Executive Officer / Clerk of Court

By K. Quach, Deputy Clerk

**Instructions for Handling Limited Civil Cases**

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.

**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2© thereof.

**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 2.5 control the timing of Code of Civil Procedure section 170.6 challenges.

**TIME STANDARDS: The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110.) Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)**

Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50.)

**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed. Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed. The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.

**NOTICED MOTIONS**: All regularly noticed motions will be calendared through the assigned department. Each motion date must be separately reserved and filed with appropriate fees for each motion. Motions for Summary Judgment must be identified at the time of reservations. All motions should be filed in the clerk's office.

**EX PARTE MATTERS**: All ex parte applications should be noticed for the courtroom.

**UNINSURED MOTORISTS CLAIMS**: Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: West Covina Courthouse 1427 West Covina Parkway, West Covina, CA 91790 | FILED Superior Court of California County of Los Angeles 07/08/2022 Sherri R. Carter, Executive Officer / Clerk of Court By: K. Quach Deputy |
| PLAINTIFF(S): Glenn T. Tomita | |
| DEFENDANT(S): Andrea Helen Teale et al | |
| **NOTICE OF ONLINE DISPUTE RESOLUTION (ODR) UNLAWFUL DETAINER (UD)** | CASE NUMBER: 22WCUD01328 |

The Court provides a free program to help landlords and tenants resolve their eviction case online without coming to Court. This voluntary program is called UD ODR (Unlawful Detainer Online Dispute Resolution).

Register here: https://my.lacourt.org/odr/unlawful-detainers

**What is UD ODR?**

UD ODR is an online negotiation program for eviction cases. The program guides parties through the negotiation by asking simple questions about how they would like to resolve their case.

If the parties reach an agreement, the program puts it into the proper form, each party "signs" it online, and then the program sends it to the Court for review. If the Court approves the agreement, the trial is cancelled, and no Court appearances are required.

There is no risk: If parties try UD ODR but can't reach an agreement, they go to trial unless they can resolve their case another way.

**Free mediation:** During UD ODR, parties can ask a mediator to help them use ODR or a video conference to try to reach an agreement that may be better than going to trial. Free mediation is provided by outside organizations, not by the Court.

**Visit the Court's UD ODR website** https://my.lacourt.org/odr/unlawful-detainers

- **To register for UD ODR.** Register within five (5) calendar days of receipt of this Notice. If you have an attorney, they will register and participate in UD ODR for you.
- **To learn more about UD ODR**
- **To find helpful resources** including links to COVID-19 housing information and help paying back rent and utilities

The Court strongly encourages all self-represented parties and attorneys for parties to register for UD ODR and use it to try, in good faith, to resolve their eviction case without coming to Court.

**Important Notices about UD ODR**

**Unlawful Detainer Filing Deadlines: Participating in UD ODR does not change the filing deadline stated on the unlawful detainer summons or any other filing deadline**. UD ODR cannot be used to file an Answer or other response to the summons and complaint.

**UD ODR Deadline:** The **deadline** for reaching an agreement through UD ODR is two (2) court days before the trial date. Parties who do not submit an agreement through UD ODR by their deadline must attend the trial unless they are dismissed or resolve their case another way. Parties may attend their trial remotely by video. https://my.lacourt.org/laccwelcome

**Confidentiality:** UD ODR negotiations and mediations do not become part of the case file or public record. The only people who can enter the confidential negotiation space for your case are the mediator, if the parties choose mediation, and the attorneys for parties and self-represented parties who register and are approved for UD ODR. Judges and court staff cannot access any information about the parties' UD ODR communications.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

**Civil Division**

East District, West Covina Courthouse, Department 2

**22WCUD01328**
**GLENN T. TOMITA vs ANDREA HELEN TEALE, et al.**

August 10, 2022
8:30 AM

Judge: Honorable Kenneth M. Fuller
Judicial Assistant: N. Raya
Courtroom Assistant: None

CSR: FTR
ERM: None
Deputy Sheriff: J. Villa

APPEARANCES:

For Plaintiff(s): Kelly Neavel specially appearing for: Jim Klinkert (Telephonic)

For Defendant(s): Kenneth Scott Cousens

**NATURE OF PROCEEDINGS:** Hearing on Motion to Quash Service of Summons

This case has been assigned to the Honorable Judge Kenneth M. Fuller for all purposes.

The matter is called for hearing.

The Court read and considered the moving papers, opposition and oral argument in connection with the above entitled Motion to Quash Service of Summons.

Both sides submit to their moving papers.

The Court takes the matter under submission.

****OFF THE RECORD AND IN CHAMBERS****

The Court, having taken the matter under submission, now issues the following ruling:

The Motion to Quash Service of Summons filed by Kenneth Scott Cousens on 07/21/2022 is Denied.

The Clerk shall give notice.

Certificate of Mailing is attached.

# Proof of Service

At the time of service, I was at least twenty-one (21) years of age, was not a party to this action, and am domiciled within the territorial Boundaries of California, state of the Union.

I served a copy(s) of the following documents as follows:

**Removal to United States District Court Western Division** for

Notice of Filing and Notice of Removal of Superior Court of State of California County of Los Angeles Case No. 22WCUD01328 (Original Complaint)

**Exhibit "A"** – Notice of Removal to Adverse Party

**Exhibit "B"** – Notice of Removal to State Court

[ ] by First Class U.S. Mail, [X] by U.S. Mail, Certified Mail No: 7021 2720 0001 1565 2920

I deposited in the U.S. Mail, a sealed envelope with postage fully prepaid. The envelope was addressed to each of the parties named below.

Glenn T. Tomita
c/o James E. Klinkert
Klinkert, Gutierrez & Neavel
1407 N. Batavia Street, Suite 202
Orange, California 92867

Date Served August 12th, 2022 Time Served 9:00 a.m.

I declare under penalties of perjury under the general laws of the state of California state republic, that the foregoing is true and correct.

Date Served August 12th, 2022

By: Bradley Otto
Signature of Serving Party